FILED

Mary L. Beckner, sua sponte
12411 Nugent Drive
Granada Hills, California 91344
(818)360-8305
guisoft@rocketmail.com

Plaintiff, Pro Se

2012 JAN 26  PM 1:23

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

**UNITED STATE DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CV12 00704 JFW PLAx

| | |
|---|---|
| MARY L. BECKNER, individually | Case No. |
| Plaintiff, | |
| vs. | COMPLAINT FOR COMMON LAW FRAUD, TRUTH IN LENDING ACT, FAIR DEBT COLLECTIONS PRACTICES ACT, AND OTHER EQUITABLE RELIEF |
| Recontrust Company, | |
| Defendant. | |
| | DEMAND FOR JURY TRIAL |

Comes now the Plaintiff, Mary L. Beckner, with this instant complaint, invoking her rights sua sponte and giving judicial notice that she is not an attorney and requests that she be given the appropriate considerations and leeway in this matter as required by law.

## I. PARTIES

1.    Plaintiff in the instant cause is Mary L. Beckner, hereinafter referred to as "Principal Plaintiff."  Principal Plaintiff can be contacted at 12411 Nugent Ave. , Granada Hills, CA 91344, and may be reached by phone at 818-360-8305, by fax at 818-534-8298, or by email at guisoft@rocketmail.com.

2.    Defendant is, Recontrust Company, N.A., and can be contacted at 1800 Tapo Canyon Road, Simi Valley, CA 93063. At the California Secretary of State website Recontrust does not have an agent. Recontrust Company N.A. website states they are a wholly owned subsidiary of Bank of America which uses C T Corporation, 818 W. Seventh Street, Los Angeles, California 90017 as its agent for service of process.

## II. JURISDICTION AND VENUE

3.    This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1332 placing the District Court in the position of Jurisdiction over:

       a) claims of Federal Questions concerning Fair Debt Collection Practices Act, hereinafter referred to as
       b)    15 U.S.C. 1692;
       c) questions and claims of violation of Constitutionally protected Fundamental Rights;
       d) violations of Plaintiff's common-law Rights in matters involving Federal Corporations and Interstate Commerce in the form of lending and Banking;
       e) violations of Plaintiff's Rights codified pursuant to Interstate Law/Compact entitled the Uniform Commercial Code ("UCC" hereafter).

4.    The amount in controversy exceeds $ 75,000.00.

5.    This court also has supplemental jurisdiction over all other claims that are so related to claims in this action that they form

part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367.

6.   Venue is properly laid in the Federal Court of the United States in the Judicial District ,pursuant to 28 U.S.C. § 1391(c).

7.   Plaintiff avers that the court has in personam jurisdiction over the named Defendant(s) as Defendant(s) are subject to the Jurisdiction of this Federal Court by the following facts:

8.   Defendant has entered into interstate commerce by causing to be transmitted through the United States Mail, - Title 18 § 1241.

9.   Defendant is subject to the FDCPA - Title 15 § 1692 et. seq. by acting as a Debt Collector, in that Defendant is not the originator of the alleged debt, neither is Defendant a bona fide agent of the originator or subsequent true holder of the alleged debt.

### III. STATEMENT OF FACTS

10.  Plaintiff states as a fact that Defendant, on or about January 4, 2012 caused to be prepared and sent to Plaintiff, a document noticing Plaintiff that Defendant was the agent for the holder of the note or the true holder of the note.

11.  Defendant made demand on Plaintiff for payment of an alleged debt in the amount of $630,428.83.

12.  Defendant, by preparing and sending the above referenced communication claimed authority to collect said debt.

13.  Defendant claimed the existence of a document establishing a lien against the property owned by Plaintiff.

14. Defendant claimed authority to exercise the provisions of said lien document for the purposes of collecting the above alleged debt.

> *Fair Debt Collection Practices Act § 803. Definitions [15 USC 1692a]*
>
> *As used in this title -- (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.*

15. To Plaintiff's knowledge, Plaintiff never entered into a contractual agreement with Defendant. Defendant claimed authority to exercise foreclosure on an alleged lien against the property. To Plaintiff's knowledge, Plaintiff never created a document creating a lien against Plaintiff's real property to the benefit of Defendant.

16. Said debt validation letter was sent to Defendant on December 1, 2011 a request for validation of the alleged under the provisions of the Fair Debt Collection Practices Act (FDCPA).

> *FDCPA Section 809. Validation of debts [15 USC 1692g]*
>
> *(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.*

1  17.   Defendant has yet to properly respond to Plaintiff's debt

2  validation letter, therefore, Defendant is subject to statutory

3  estoppel from further collections attempts as a matter of law.

4

5                    **IV. FACTUAL ACCUSATION**

6       *"A claim has facial plausibility when the plaintiff pleads*
        *factual content that allows the court to draw a reasonable*
7       *inference that defendant is liable for the misconduct alleged."*
        *(Gonzales v. Kay, 577 F.3d 600(5th Cir. 2009)*
8

9  **A. Validation Of Debt Required**

10

11  18.   Defendant made a presentment to Plaintiff.

12      *§ 3-501.   PRESENTMENT.*

        *(a)   **"Presentment"** means a demand made by or on behalf of a*
13      *person entitled to enforce an instrument (i) to pay the*
        *instrument made to the drawee or a party obliged to pay the*
14      *instrument or, in the case of a note or accepted draft payable*
        *at a bank, to the bank, or (ii) to accept a draft made to the*
15      *drawee.*

16  19.   In order for Defendant to make the above demand, Defendant

17  must have some authority by way of a contractual agreement between

18  Plaintiff and Defendant and upon request, must prove up said claim.

19      *§ 3-501.   PRESENTMENT*

20      *(b)(2)   Upon demand of the person to whom presentment is made,*
        *the person making presentment must (i) exhibit the instrument,*
21      *(ii) give reasonable identification and, if presentment is made*
        *on behalf of another person, reasonable evidence of authority*
22      *to do so, and (iii) sign a receipt on the instrument for any*
        *payment made or surrender the instrument if full payment is*
23      *made.*

24  20.   Up to the date of the filing of this instant action Defendant

25  is non-responsive to Plaintiff's request for validation of the

26  debt.  Defendant's failure to properly validate the debt allegedly

27  owed to Defendant gives Plaintiff reason to believe that Defendant

28  lacks the agency, standing, and/or capacity claimed.

*In deciding whether the collection letters violate the FDCPA, we examine them from the standpoint of an unsophisticated consumer. See Veach v. Sheeks, 316 F.3d 690, 692 (7th Cir.2003); ▢Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir.1997). "This assumes that the debtor is uninformed, naive, or trusting[.]" Veach, 316 F.3d at 693 (internal quotations omitted). However, an unsophisticated consumer possesses "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences." Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1060 (7th Cir.2000). see Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber, USCA-02-C-0072, 7th Circuit Court, Sept 2004*

21.   In as much as Defendant's dunning letter failed to provide validation of the alleged debt, Plaintiff may not, in good faith, respond with payment.  In the event an actual debt existed to which Plaintiff was liable, Plaintiff would be subject to dishonor if Plaintiff made tender to Defendant without exercising due diligence in determining that Defendant was an agent for the principal holding the alleged note and the payments were not properly assessed against the note.

*§ 3-602. PAYMENT.*

*(a) Subject to subsection (b), an instrument is paid to the extent payment is made (i) by or on behalf of a party obliged to pay the instrument, and (ii) to a person entitled to enforce the instrument. To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under Section 3-306 by another person.*

*(b) The obligation of a party to pay the instrument is not discharged under subsection (a) if:*

*(1) a claim to the instrument under Section 3-306 is enforceable against the party receiving payment and (i) payment is made with knowledge by the payor that payment is prohibited by injunction or similar process of a court of competent jurisdiction, or (ii) in the case of an instrument other than a cashier's check, teller's check, or certified check, the party making payment accepted, from the person having a claim to the instrument, indemnity against loss resulting from refusal to pay the person entitled to enforce the instrument; or*

*(2) the person making payment knows that the instrument is a stolen instrument and pays a person it knows is in wrongful possession of the instrument.*

22.   Plaintiff, on investigation and belief, alleges that Defendant has perpetrated, and continues to perpetrate an act of negligence against Plaintiff by attempting to collect a debt when Defendant has failed to provide the statutorily required validation of said debt.   Even if a debt did exist, Plaintiff would not execute payment if Plaintiff tendered payment to a person or entity not properly authorized to take payment.

*§ 3-603.  TENDER OF PAYMENT.*

*(a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.*

*(b) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.*

*(c) If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument. (Emphasis added)*

23.   Plaintiff has properly stated a claim against Defendant as Plaintiff alleged who, defendant; what, made presentment to Plaintiff without establishing authority to make said claim; when, on date of dunning letter referenced above; where, within the jurisdiction and venue of this court.   Plaintiff herein pleads that defendant intended that Plaintiff act on the defendant's presentment, that Plaintiff believed defendant intended to take

1  action if Plaintiff did not submit to defendant's demands, and

2  Plaintiff was subjected to a civil rights violation as a proximate

3  result of Defendant's failure to abide by standing law.

4      **B.   FDCPA**

5  24.  Determining that "there is abundant evidence of the use of

6  abusive, deceptive, and unfair debt collection practices by many

7  debt collectors," Congress passed the Fair Debt Collection

8  Practices Act (FDCPA) to eliminate those practices. 15 U.S.C. §

9  1692(a).  The FDCPA protects consumers who have been subjected to

10  abusive, deceptive or unfair debt collection practices by a debt

11  collector in an attempt to collect a debt. See Piper v. Portnoff,

12  396 F.3d 227, 232 (3d Cir. 2005) (citing 15 U.S.C. §§ 1692e-f).

13  25.  Defendant, in the instant case, is not a party Plaintiff

14  knowingly entered into a contract with.  Defendant claims to hold

15  agency or standing as a trustee or assignee of a debt.  The

16  allegation of Defendant is that Defendant is collecting a debt

17  concerning a consumer mortgage agreement.

18  26.  An assignee or substitute trustee, it is a debt collector

19  within the meaning of §§ 1692d, 1692e or 1692g4 of the FDCPA fails

20  as a matter of law.  More specifically, the argument that pursuant

21  to the terms of § 1692a(6), assignees or substitute trustees are

22  only liable under § 1692f(6) fails as a matter of law.  Section

23  1692a(6) states, in relevant part, that for the purpose of section

24  1692f(6) of this title, the term "debt collector" also includes any

25  person who uses any instrumentality of interstate commerce or the

26  mails in any business the principal purpose of which is the

27  enforcement of security interests.  Based on this language, any

28  argument that assignees or substitute trustees are exempt from

liability under all provisions of the FDCPA except § 1692f(6) fail

as a matter of law.

27.   Plaintiff alleges that a mortgage is a "debt" as defined by 15

U.S.C. § 1692a(5) because it constitutes an obligation to pay money

that arose out a transaction in which the property was primarily

for personal, family or household purposes.   Plaintiff also asserts

that, even if Defendant is unquestionably an assignee or substitute

trustee, that fact does not preclude it from being held liable as a

debt collector.   Piper, 396 F.3d at 232 (applying the FDCPA to

debts secured by real property); Romea v. Heiberger & Assocs., 163

F.3d 111, 116 (2d Cir. 1998) (concluding that an eviction notice

for failure to pay rent can be an attempt to collect a debt);

Shapiro & Meinhold v. Zartman, 823 P.2d 120, 124 (Colo. 1992)

(holding that "a foreclosure is a method of collecting a debt" and,

thus, the defendant attorneys "are not exempt merely because their

collection activities are primarily limited to foreclosures") with

Jordan v. Kent Recovery Servs., Inc., 731 F. Supp. 652, 658 (D.

Del. 1990) (distinguishing a debt collector from an enforcer of a

security interest, who has a "present right to a piece of secured

property and attempts to retrieve something which another person

possesses but which the holder of the security interest still

owns").

28.   Plaintiff directs the court to consider the Fourth Circuit

case of Wilson v. Draper & Goldberg, PLLC, 443 F.3d 373 (4th Cir.

2006). The plaintiff in Wilson brought suit against the law firm

that acted as the substitute trustee for the holder of the deed of

trust on the plaintiff's property. The defendant initiated

foreclosure proceedings on the plaintiff's property and sent her a

1   notice that provided information regarding the creditor and the

2   amount of the debt owed. Id. The Wilson defendants included in

3   their notice a statement specifying that they were not '"debt

4   collectors' or acting in connection with the collection of a

5   'debt.'" Id. Nevertheless, the court held that the default on a

6   Deed of Trust Note is a debt, and that concluding otherwise "would

7   create an enormous loophole in the [FDCPA] immunizing any debt from

8   coverage if that debt happened to be secured by a real property

9   interest and foreclosure proceedings were used to collect that

10  debt." Id. at 376 (citing Piper, 396 F.2d at 234; Romea, 163 F.3d

11  at 116; Shapiro, 823 P.2d at 124). The Wilson court went on to

12  explain that

> *Section 1692a(6) applies to those whose **only** role in the debt*
> *collection process is the enforcement of a security interest.*
> *See Jordan[, 731 F. Supp. at 657] ("It thus appears that Congress*
> *intended an enforcer of a security interest, such as a*
> *repossession agency, to fall outside the ambit of the FDCPA*
> *except for the provisions of § 1692f(6)."). In other words,*
> *this provision is not an exception to the definition of debt*
> *collector, it is an inclusion to the term debt collector. It*
> *serves to include as debt collectors, for the purposes of §*
> *1692f(6), those who only enforce security interests. It does*
> *not exclude those who enforce security interests but who also*
> *fall under the general definition of "debt collector." See Piper,*
> *396 F.3d at 236 ("Section 1692a(6) thus recognizes that there*
> *are people who engage in the business of repossessing property,*
> *whose business does not primarily involve communicating with*
> *debtors in an effort to secure payment of debts."). __443 F.3d__*
> *__at 378__ (emphasis in original).*

23  29.  Even if Defendant herein alleges to be acting as an assignee

24  or substitute trustee to enforce a Deed of Trust Note,

25  nevertheless, in initiating collection proceedings, Defendant

26  undertook the role of debt collector and communicated with the

27  Plaintiff in a manner regulated by the FDCPA. See Wilson, 443 F.3d

28  at 376-78. Adopting a position that entities acting as assignees or

substitute trustees for mortgage holders are exempt from the

provisions of the FDCPA is contrary to the stated purpose of the
FDCPA. See 15 U.S.C. § 1692(a) (explaining that the FDCPA is
designed to protect consumers from unfair collection practices).
Accordingly, Plaintiff has alleged sufficient facts to support the
claim that, for the purposes of the actions described in the
complaint, the Defendant is attempting to collect a "debt" and
Defendant was acting as a "debt collector."

### V.   No Issue of Actual Debt Before the Court

30.   Plaintiff has sued Defendant to demand that Defendant comply
with long standing law and well established principals of commerce.
In as much as Defendant demanded that Plaintiff tender United
States money to Defendant in payment of a debt, Plaintiff properly
demanded validation of the debt.   Where Defendant has claimed
agency for a principal, Plaintiff demands that Defendant prove that
Defendant's alleged principal has standing as a proper holder of
the alleged obligation.   Plaintiff further demands proof of
Defendant's agency to represent said principal.

### A. AGENCY

31.   Key to the whole issue here is that agency cannot be presumed,
and the party asserting agency carries the burden to prove it. See
Schultz v. Rural/Metro Corp., 956 S.W.2d 757, 760 (TX App. –
Houston [14th Dist.] 1997, no writ); Zuniga v. Navarro & Assocs.,
P.C., 153 S.W.3d 663 (TX App. – Corpus Christi 2005, pet. denied)
(citing Bernsen v. Live Oak Ins. Agency, 52 S.W.3d 306, 309 (TX
App. – Corpus Christi 2001, no pet.)); Alamo Cmty. Coll. Dist. v.
Browning Constr. Co., 113 S.W.3d 146 (TX App. – San Antonio 2004,
pet. dism'd) (citing S. County Mut. Ins. Co. v. First Bank & Trust,

750 S.W.2d 170, 172 (TX 1988)); Disney Enters., Inc. v. Esprit

Fin., Inc., 981 S.W.2d 25, 30 (TX App. – San Antonio 1998, pet

dism'd w.o.j.); Gray v. Black, 267 S.W. 291 (TX Civ. App. 1924)

(agency is not presumed; wife cannot be presumed to be husband's

agent). "[O]nly an alleged principal's words or conduct that are

represented to the third party can clothe an alleged agent with

apparent authority. [BML Stage Lighting, Inc., v. Mayflower

Transit, Inc., 14 S.W.3d 395, 401 (TX App. – Houston [14th Dist.]

2000, pet. denied)]." Coleman v. Klockner & Co. AG, 180 S.W.3d 577,

588 (TX App. – Houston [14th Dist.] 2005, n.w.h.) (Coleman). In

short, the alleged agent's word, alone, never proves agency.

32.   Therefore, where agency has been challenged, as it is, here,

and where it's presumed into existence over that objection, the

burden of proof has been shifted. Beard v. Banks, 542 U.S. 406

(2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255

(1986)); Scott v. Harris, __ U.S. __, 127 S. Ct. 1769 (2007)

(citing United States v. Diebold, 369 U.S. 654, 655 (1962))

(summary judgment presumptions are against movant). Mullaney v.

Wilbur, 421 U.S. 684 (1975) (citing In re Winship, 397 U.S. 358

(1970)) (to relieve the plaintiff of burden is to violate Due

Process); Heiner v. Donnan, 285 U.S. 312 (1932) (fraud and/or

negligence context).

**B.   CHALLENGE IS TO BOTH ACTUAL AND APPARENT AUTHORITY.**
*Where there is no evidence, that a principal authorized someone
to act as its agent, agency cannot be proven by declarations of
the alleged agent." T & R Custom, Inc. v. Liberty Mut. Ins.
Co., 227 Ga. App. 144, 145 (1) (488 S.E.2d 705) (1997). Accord
Oglesby v. Farmers Mut. Exchange, 128 Ga. App. 387, 389 (6)
(196 S.E.2d 674) (1973); Greble v. Morgan, 69 Ga. App. 641 (1)
(26 S.E.2d 494) (1943).* **(1)** *Because there is no evidence in the
record of Hilliard's agency, other than the hearsay itself, the
evidence was properly excluded. See, e.g., Process Posters,*

*Inc. v. Winn Dixie Stores, 263 Ga. App. 246, 250-251 (1) (587 S.E.2d 211) (2003).*

It is fundamental that **agency cannot be proven** by the   [*239] declaration of the agent. *LAVELLEUR v. NUGENT, 186 Iowa 234 (Iowa 1919)*

Arizona law provides that agency cannot be proven by the acts or declarations of the purported agent. Cameron v. Lanier, 56 Ariz. 400, 108 P.2d 579, 580 (Ariz. 1940). Instead, Relator "must prove affirmatively the authority" of Mr. Anderson to accept service on behalf of Dr. Levit, by either showing direct authority or implied authority. Id.*United States ex rel. Goulooze v. Levit, 2006 U.S. Dist. LEXIS 77913 (D. Ariz. 2006)*

Looking first to the concept of apparent authority, it is axiomatic that such authority exists only where there is a manifestation by the principal to a third party which causes the third party reasonably to believe that the particular person with whom the third party is dealing has the authority to enter into negotiations or to make representations on behalf of the principal. The State Life Insurance Co. v. Thiel (1939), 107 Ind. App. 75, 20 N.E.2d 693; Kody Engineering Company, Inc. et al. v. Fox and Fox Insurance Agency, Inc. (1973), 158 Ind. App. 498, 303 N.E.2d 307, 39 Ind. Dec. 537. Such a manifestation by the principal may be found when the principal holds out an agent as a general [***5] agent and the third party reasonably believes that the authority exhibited is the type usually held by one in such a position; n2 or, where the [**843] principal clothes or allows a special agent to act with the appearance of possessing more authority than is actually conferred. See: Farm Bureau Mutual Life Insurance Company v. Coffin (1962), 136 Ind. App. 12, 186 N.E.2d 180. Thus, to prove [*139] the existence of apparent authority, it is necessary to establish some conduct on the part of the principal which created the appearance of authority. The representations of the agent will not suffice, for it is the "well established rule that agency cannot be proven by the declarations of the agent, alone." Pan American World Airways, Inc. v. Local Readers Service, Inc. (1968), 143 Ind. App. 370, 377, 240 N.E.2d 552, 556, 15 Ind. Dec. 429, 435.*Storm v. Marsischke, 159 Ind. App. 136 (Ind. Ct. App. 1973)*

It is elementary law that agency cannot be proven by the acts or declarations of the alleged agent. Newman v. Taylor, 69 Miss. 670, 13 So. 831; R. R. Co. v. Cocke, 64 Miss. 713, 2 So. 495; Kinnare v. Gregory, 55 Miss. 612; Gilchrist v. Pearson, 70 Miss. 351, 12 So. 333. "An agent's authority cannot be proved by his acts done without the knowledge or authority of his principal." Whiting v. Lake, 91 Pa. 349.   *Therrell v. Ellis, 83 Miss. 494 (Miss. 1903)*

*In view of a new trial, it is proper to say that the letter, "Exhibit E," on page 8 of the abstract, [***5] is [*695] not competent evidence in the case for any purpose. It tends to show the claimed agency by the declaration of the agent, and we need not cite authority in support of the proposition that agency cannot be established by the admissions or declarations of the person claimed to be an agent.   Sax v. Davis, 81 Iowa 692 (Iowa 1891)*

## C. CHALLENGE TO STANDING OF ALLEGED PRINCIPAL

33.   Plaintiff has reason to believe, based on the widely publicized practices of banks in the United States that no instrument exists wherein Plaintiff can be shown to have an obligation to Defendant and/or even if such an instrument were to exist, because of the recent practices of banks in the United States, Plaintiff cannot be sure, absent proof, that Defendant has authority to collect said debt.

34.   Current practices concerning consumer mortgages wherein the promise to pay (note) is immediately sold into an investment pool then the pool is divided up among a host of investors then pieces are sold back and forth between parties leaves the true holder of the note in question.   With the current, highly publicized practices of registering the note with Mortgage Electronic Registration Service (MERS) for the purpose of hiding the true holder of the note behind MERS as a so-called "nominee" has been discredited by the courts.   (see Landmark v Kessler and others) The courts have held the practice of using a straw man holder of the note to hide the multiple sales of the note on the secondary consumer mortgage market as a scam to avoid the requirement that the sale of a security instrument based on a consumer mortgage transaction be a public transaction.

35.  Plaintiffs challenge Defendant's authority, both as to actual authority and as to apparent authority.  Actual authority arises where the principal authorizes the agent. See Cameron County Sav. Ass'n v. Stewart Title Guaranty Co., 819 S.W.2d 600, 603 (TX App. – Corpus Christi 1991, writ denied). Plaintiff demands that Defendant establish the entire chain of agency, from inception of the note up to the current alleged holder. Without said proof, no one has signature authority.  Apparent authority doesn't exist, either.

36.  Defendant now has the burden to prove agency. See Schulz, etc., supra.  Again, where that burden is presumed and not compelled proved, the burden, by this request, has been shifted. Cf. Coleman.

37.  Plaintiff, on investigation and belief, alleges that Defendant violated the Fair Debt Collections Protections Act to the detriment of Plaintiff by using false, deceptive, and misleading representations or means in connection with the collection of an alleged debt wherein Defendant misrepresented the character, amount, and legal status of the alleged debt; (15 USC 1692(e)(2)) & (f), and by threatening to take action against Plaintiff that could not legally be taken. (15 USC 1692(e)(5)).  By causing to be sent to Plaintiff, through the United States mail, fraud and/or negligenceulent demands for payment for which Defendant had no authority to make.  Plaintiff alleges and avers that Defendant caused to be sent through the United States Mail Service, fraud and/or negligenceulent demands for payment from Plaintiff in order to facilitate the herein alleged fraud and/or negligence. Plaintiff alleges and avers that Defendant subjected Plaintiff to a fraud and/or negligence scheme to collect monies not owed to

Defendant and that Defendant intended to collect the full amount on an alleged debt which, over the term of the alleged debt would amount to (full amount of principal and interest over term of alleged note), $228,000.00.

38. Plaintiff alleges and avers that the above alleged scheme has the result of making it impossible for a purchaser of a private residence involved in said scheme to ever achieve the primary purpose of the contract, that of achieving quiet title at completion of the contract.

39. Plaintiff alleges and avers that Defendant failed to exercise due diligence concerning Defendant's standing to collect the alleged debt claimed by Defendant to be owed to Defendant or Defendant's principal, by Plaintiff.

40. Plaintiff alleges and avers that Defendant subjected Plaintiff to severe emotional stress through direct or implied threat that Plaintiff would lose Plaintiff's primary place of residence if Plaintiff failed to pay the extortion demanded by Defendant.


## VI.   PLAINTIFF DEMANDS STRICT VERIFIED PROOF

41. Plaintiff herein demands strict verified proof, according to the rules of evidence all of the following:

    a.   that Plaintiff entered into a legal and binding contract with Defendant that would establish the alleged debt;

    b.   that Defendant is the singular and true holder of said debt instrument;

42. Plaintiff herein demands strict verified proof, according to the rules of evidence, of the standing of every signatory on each and every document filed into any court record concerning the

property, or sent to Plaintiff or any other entity concerning the alleged obligation Defendant has attempted to collect from Plaintiff.

43.   In the event that Defendant were to prove that a debt claim exists against the property, and that Defendant is the holder or agent for the holder of said debt, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported contract, the basis of which Defendant is attempting to collect a debt.

44.   Plaintiff herein demands strict verified proof, according to the rules of evidence that:

45.   Plaintiff entered into a contract with Defendant, or Defendant's principal for whom Defendant claims to act as agent, granting Defendant a legal claim against the property as protection against loss in the event Plaintiff failed to meet the obligations of the above alleged debt.

46.   Defendant is the true and exclusive holder, or is the proper agent for said holder, of said legal claim against the property.

47.   The alleged document purporting to create a lien against the property was granted by Plaintiff to Defendant or to Defendant's principal for whom Defendant claims to be acting as agent.

48.   In the event Defendant claims to have received assignment of the alleged debt instrument, Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, or Defendant's principal, is the exclusive holder of said instrument.

49.   In the event Defendant is able to produce a bona fide lien document, Plaintiff herein demands strict verified proof that

1  Plaintiff granted such claim to Defendant by name, Defendant is,
2  and at all times has been the holder of the alleged note purporting
3  to evidence a debt.

4  50.  Plaintiff herein demands strict verified proof, according to
5  the rules of evidence that Defendant, at no time, received
6  consideration in return for a transfer of the above referenced
7  note, the basis of which the above referenced lien document was
8  allegedly written as protection against loss to the holder, to a
9  third party for consideration tendered.

10  51.  In the event Defendant claims to be the holder of a lien
11  document that was not granted directly to Defendant in Defendant's
12  name, or in the name of the principal for which Defendant claims to
13  act as agent, Plaintiff herein demands strict verified proof,
14  according to the rules of evidence, of a complete chain of legal
15  possession of said lien document.

16  52.  In the event Defendant is able to produce a complete chain of
17  legal possession of the above referenced document purporting to
18  create a lien against the property, Plaintiff herein demands strict
19  verified proof, according to the rules of evidence that, at all
20  times, the ownership of the alleged lien document and the alleged
21  note were transferred together such that, at no time, one entity
22  held the alleged lien and another held the alleged note.

23  53.  In the event that Defendant were to prove that a debt claim
24  exists against the property, Plaintiff demands strict verified
25  proof that Defendant's claim against the debt is the singular and
26  exclusive claim based on the purported debt claim which Defendant
27  is attempting to collect.

28

## VII. CAUSES OF ACTION

### A.  FDCPA – 1st CAUSE OF ACTION

54.  Comes now Plaintiff, and hereby complains and alleges that the Defendant did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f by providing false and misleading information by mailing a dunning letter dated Jul 28th, 2011 by U.S.P.S. to the Plaintiff which asked for a lump sum of money. Defendant failed to prove up the existence of a debt to which Plaintiff was liable.  Defendant failed to provide evidence to show that Defendant was a bona fide holder of a debt instrument to which Plaintiff was liable.  Defendant failed to show agency for a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant further failed to show that said bona holder was also a bona fide holder of a document establishing a lien against real property owned by Plaintiff.  Defendant further failed to itemize the various charges that comprised the total amount of the alleged debt. Defendant failed to clearly and fairly communicate information about the amount of the alleged debt to Plaintiff. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs, this in violation of 15 U.S.C. 1692(e). Defendant used false, deceptive and misleading representations in connection with collection of any debt, 15 U.S. C § 1692e.  By demanding payment of a debt Plaintiff did not owe and by making direct, indirect, and valid threats of dire consequences to Plaintiff if Plaintiff failed to pay the alleged debt, Plaintiff acted in clear violation of 15 U.S.C. 1692(f), Fields v. Wilber Law Firm, USCA-02-C-0072, Circuit Court, Sept 2, 2004B.

**B. FDCPA – 2nd CAUSE OF ACTION**

55.   Defendants "Bill" meets the definition of overshadowing. The
overshadowing in the document sent to the Plaintiff stated to
"balance due" and "account paid in full which overshadows the
consumer warning on the document. 1996 U.S. Dist. LEXIS 22555,
DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT
ASSOCIATES, Defendant. 96-C-0195-S  USDC FOR THE WESTERN DISTRICT
OF WISCONSIN.

**C. NEGLIGENCE – 3RD CAUSE OF ACTION**

56.   Defendant, on January 4, 2012 caused to be sent to Plaintiff,
through the United States Mail, a letter demanding that Plaintiff
pay United States Money in the amount of $630,428.83. The letter
was in the form of a monthly payment. Defendant acted to miss-lead
Plaintiff into believing that Plaintiff was under obligation to
forfeit Plaintiff's personal property to Defendant in the form of
money of the United States. Defendant made the above referenced
demand on Plaintiff under the guise of being a debt collector,
attempting to collect a debt.

57.   Defendant made a false representation to Plaintiff demanding
payment on a debt. Defendant knew, or should have known that said
demand was made without standing or capacity on the part of
Defendant. Defendant intended that Plaintiff accept the
representation of Defendant as true. Plaintiff believed Defendant
and was harmed thereby.

58.   Defendant, by falsely demanding payment from Plaintiff when
Defendant lacked standing and/or capacity to make such demand was
an act of criminal fraud and/or negligence which results in the

1  civil tort alleged here under the cause of action of common law

2  fraud and/or negligence or fraud and/or negligence per se.

3

4              **VIII. STIPULATION SUBJECT TO DISCOVERY**

5  59.   In the interest of judicial economy and of limiting the scope

6  of this litigation, Plaintiff is prepared to stipulate Defendant's

7  standing and file an amended complaint, without requiring Defendant

8  to prepare an answer to the current complaint, if Defendant

9  provides proof of said standing as demanded above.

10  60.

11                      **IX. JURY DEMAND**

12  61.   Plaintiff demands a jury trial on all issues of fact and law

13  raised by the allegations in this Complaint.

14  62.

15                        **X. PRAYER**

16  63.   WHEREFORE, Plaintiff prays for judgment against the Defendant

17  and Defendant's co-conspirators as follows:

18        a. For quite title to Property against claims by Defendant;

19        b. For  disgorgement  of  all  amounts  wrongfully  acquired  by
20           Defendant according to proof at trial;

21        c. For  $1000.00  for  each  violation  of  the  Fair  Debt  Collection
22           Practices Act as proved up at trial;

23        d. For three times the amount Defendant intended to defraud and/or
24           negligence Plaintiff of.  A sum equal to 1,774,535.85;

25        e. For  pain  and  suffering  due  to  extreme  mental  anguish  in  an
26           amount to be determined at trial;

27        f. For pre-judgment and post-judgment interest according to proof
28           at trial;

        g. For attorney's fees and costs as provided by statute; and,

1           h. For such other relief as the Court deems just and proper.

2    Respectfully,

3

4    Mary L. Beckner                    signed January _24_ , 2012

## VERIFICATION

I, Mary L. Beckner, do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

*Mary L. Beckner*          1-24-2012

Mary L. Beckner                    Date

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____          _____

**NOTARY PUBLIC IN AND FOR**                    **Notary Seal**

**THE STATE OF CALIFORNIA**

M. MATSIK
Commission # 1859368
Notary Public - California
Los Angeles County
My Comm. Expires Aug 26, 2013

## CERTIFICATE OF SERVICE

I hereby, Mary L. Beckner certify that a true and correct copy of above and foregoing has been delivered to Recon Trust, 1800 Tapo Canyon Road, Simi Valley, CA 93063, on this the ___ day of _____ 2012, by certified mail (Certified Mail Receipt # _____ _____ _____ _____), in accordance with the rules governing same.

_____

Mary L. Beckner                    Date

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV12- 704 JFW (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

_MARY L. BECKNER_

PLAINTIFF(S)

v.

_RECONTRUST COMPANY_

DEFENDANT(S).

CASE NUMBER

**CV12 00704 JFW PLAx**

**SUMMONS**

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within _21_ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☒ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _MARY L. BECKNER_, whose address is _12411 NUGENT DRIVE, GRANADA HILLS, CA 91344_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____JAN 2 6 2012____                By: ____CHRISTOPHER POWER____
                                                        Deputy Clerk

                                                        (Seal of the Court)

                                                        1181

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)]._

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)

*MARY L. BECKER*

**DEFENDANTS**

*RECONTRUST COMPANY*

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

*SAME*

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

*15 USC 1692 FDCPA*

**VII. NATURE OF SUIT** (Place an X in one box only.) *SECURITIZATION/OF NOTE - FORECLOSURE*

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☒ 220 Foreclosure | **IMMIGRATION** | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | | ☐ 440 Other Civil Rights ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

*CV12 00704*

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date _1-26-2012_
                                                         L.P.O.A.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |