JOHN W. AMBERG (SBN 108166)
BRADLEY DUGAN (SBN 271870)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:  (310) 576-2100
Facsimile:   (310) 576-2200
Email:   jwamberg@bryancave.com
         brad.dugan@bryancave.com

Attorneys for Defendant
RECONTRUST COMPANY, N.A. (erroneously sued as "Recontrust Company")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY L. BECKNER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY,<br><br>Defendant. | Case No. CV12-704-JFW (PLAx)<br><br>Assigned to the Hon. John F. Walter<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12 MOTION TO DISMISS**<br><br>Date:         March 26, 2012<br>Time:         1:30 p.m.<br>Courtroom:  16<br><br>Complaint Filed: January 26, 2012<br>Trial Date:       None Set |

SM01DOCS\888018.1

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. PLAINTIFF DID NOT TIMELY FILE OR SERVE HER OPPOSITION ..........................................................................................................2

III. DEFENDANT DID NOT FILE A "FRIVOLOUS" MOTION AS THE MOTION ESTABLISHES DEFENDANT'S AUTHORITY TO ENGAGE IN FORECLOSURE RELATED ACTIVITY ...........................2

IV. PLAINTIFF FAILS TO ESTABLISH THAT DEFENDANT IS A DEBT COLLECTOR AND THAT FORECLOSURE IS CONSIDERED THE COLLECTION OF DEBT ...........................................3

V. EVEN IF DEFENDANT IS A DEBT COLLECTOR AND ENGAGED IN THE COLLECTION OF DEBT, PLAINTIFF PROVIDES NO FACTS AS TO HOW ANY STATUTORY VIOLATION OCCURRED ...........................................................................................................6

VI. PLAINTIFF FAILS TO REBUT DEFENDANT'S ARGUMENTS AS TO HER "OVERSHADOWING" CLAIMS .....................................................7

VII. PLAINTIFF FAILS TO REBUT DEFENDANT'S ARGUMENTS AS TO THE PURPORTED THIRD CAUSE OF ACTION FOR "FRAUD/NEGLIGENCE" ...................................................................................7

VIII. PLAINTIFF'S OPPOSITION FAILS TO REBUT ANY OTHER ARGUMENTS MADE IN SUPPORT OF THE MOTION ..........................7

IX. CONCLUSION ......................................................................................................7

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Gamboa v. Trustee Corps & Central Mortgage Loan Servicing Co.*,
 2009 U.S. Dist. LEXIS 19613 (N.D. Cal. March 12, 2009) .................................3

*Goodwin v. California Reconveyance Co.*,
 2010 WL 3341831 (E.D. Cal. Aug. 23, 2010) .....................................................5

*Gwin v. Pacific Coast Financial Services*,
 2010 WL 1691567 (S.D. Cal. April 23, 2010) .....................................................5

*Hulse v. Ocwen Federal Bank, FSB*,
 195 F.Supp.2d 1188 (D.Or. 2002) ........................................................................5

*Jordan v. Kent Recovery Services, Inc.*,
 731 F.Supp. 652 (D. Del. 1990) ...........................................................................4

*Odinma v. Aurora Loan Services*,
 2010 WL 2232169 (N.D. Cal. June 3, 2010) .......................................................5

*Piper v. Portnoff Law Associates, Ltd.*,
 396 F.3d 227 (3d Cir. 2005) .................................................................................4

*Romea v. Heiberger & Associates*,
 163 F.3d 111 (2d Cir. 1998) .................................................................................4

*Shapiro and Meinhold v. Zartman*,
 823 P.2d 120 (Colo. 1992) ...................................................................................4

*Wilson v. Draper & Goldberg, P.L.L.C.*,
 443 F.3d 373 (4th Cir. 2006) ............................................................................4, 5

**STATUTES**

15 U.S.C. § 1692g(b) ...................................................................................................6

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's untimely "Opposition to Defendant's Rule 12 Motion to Dismiss" ("Opposition") fails to rebut any of the legal authority that Defendant's Motion to Dismiss ("Motion") cites to show that the Fair Debt Collection Practices Act ("FDCPA") does not apply to this case.  Moreover, Plaintiff fails to rebut Defendant's argument that even if the FDCPA did apply, which it does not, Plaintiff pleads no violation of the statute.  Plaintiff fails to show how any liability results from Defendant's act of filing a Notice of Trustee's Sale, which, by its own terms, is *not* a demand for the payment of debt.  Plaintiff fails to rebut any of Defendant's arguments as to why her fraud claim fails as well.

Indeed, the Opposition demonstrates Plaintiff's confusion regarding both Defendant's Motion and her own Complaint.  Plaintiff's Opposition asserts that Defendant's Motion quotes *Gonzales v. Kay*, 577 F.3d 600 (5th Cir. 2009).  (*See* Opposition, 4: 27-28).  However, not once does Defendant cite this case in the Motion.  Also, Plaintiff claims that page 1, line 15 of the Motion states "(1) Defendant is not a debt collector (2) Defendant did not engage in the collection of debt…" (Opposition, 6: 6-8).  In fact, however, the Motion states something different: "Moreover, RTC is not a debt collector and does not owe a duty to Plaintiff."  (Motion, 1: 15-16).

Given Plaintiff's mischaracterization of the Motion, in addition to her evident misunderstanding of her own Complaint and Opposition (*e.g.*, stating inconsistent property addresses, referring to Defendant as a law firm, and citing to purported exhibits that are not part of the record), the Court should conclude that Plaintiff's Complaint fails to state a claim for relief and was filed simply to delay the lawful foreclosure.  Defendant followed California law and the provisions of the Deed of Trust when recording the Notice of Trustee's Sale.  For these reasons, Plaintiff's Complaint fails in its entirety, and the Motion should be granted with prejudice.

## II. PLAINTIFF DID NOT TIMELY FILE OR SERVE HER OPPOSITION

Under Local Rule 7-9, Plaintiff was required to file her Opposition on or before March 5, 2012, which is twenty-one days before the March 26 hearing on the Motion to Dismiss. Defendant did not receive Plaintiff's Opposition until Tuesday, March 13. The copy lodged with the Court is date-stamped March 9, 2012. Pursuant to Local Rule 7-12, it is within the Court's discretion to deem Plaintiff's untimely filed and served Opposition as her consent to the granting of the Motion to Dismiss. Defendant filed this Reply the day after receiving the Opposition.

## III. DEFENDANT DID NOT FILE A "FRIVOLOUS" MOTION AS THE MOTION ESTABLISHES DEFENDANT'S AUTHORITY TO ENGAGE IN FORECLOSURE RELATED ACTIVITY

Plaintiff states that Defendant filed a frivolous motion because "it fails totally to address the singular issue brought by Plaintiff's petition" (Opposition, 2: 10-11). This "singular issue" appears to be Defendant's standing to foreclose on the Property. (Opposition, 2: 4-7). Plaintiff states that Defendant has "craft[ed] a frivolous argument" (Opposition, 4: 16) and that Defendant has "failed to speak with candor to the court" (Opposition, 4:24) because it has allegedly not provided Plaintiff with the original security instrument.

However, contrary to Plaintiff's opinion regarding Defendant's honesty, Defendant attached to its Request for Judicial Notice true and correct copies of the Deed of Trust (which is signed by Plaintiff), an Assignment of the Deed of Trust, the Substitution of Trustee, the Notice of Default and Election to Sell Under Deed of Trust, and the Notice of Trustee's Sale. (RJN, Exs. A-E).

Defendant gave an in-depth summary in its Motion about how RTC became the trustee (Motion, 3: 19 - 5:19) and explained California's law governing non-judicial foreclosures and why the Uniform Commercial Code does not apply to this action. (Motion, 6: 22 – 7:2; 7: 19 – 8: 19). The Deed of Trust is the contract which obligates Plaintiff to make her monthly mortgage payments, and which allows the

1  trustee to foreclose on the Property upon Plaintiff's default.  Therefore, Defendant
2  has explained its authority to engage in the foreclosure of the Property, and Plaintiff
3  is simply incorrect when she contends that Defendant has "craft[ed] a frivolous
4  argument" and could have "simply provide[d] the original security instrument"
5  (Opposition, 4: 16-17).  Indeed, Defendant included the Deed of Trust as an exhibit
6  to its Motion, providing Plaintiff with the precise document that she has asked for.
7  Furthermore, Defendant has cited relevant, controlling authority in this jurisdiction
8  that demonstrates (1) Defendant is not a debt collector, (2) Defendant did not engage
9  in the collection of debt, and (3) even if Defendant was a debt collector and engaged
10 in the collection of debt, it did not violate any statute.  The Motion is therefore
11 cogent and based on the law, and the Court should grant it in its entirety.

## IV. PLAINTIFF FAILS TO ESTABLISH THAT DEFENDANT IS A DEBT COLLECTOR AND THAT FORECLOSURE IS CONSIDERED THE COLLECTION OF DEBT

15 Plaintiff argues that because the Notice of Trustee's Sale states "Recontrust
16 Company, N.A. is a debt collector attempting to collect a debt" it is subject to the
17 FDCPA. (Opposition, 6: 11-13).  However, Plaintiff is incorrect.  As stated in the
18 Motion, the Notice of Trustee's Sale only gives notice of a sale date and the
19 principal balance of the loan.  (RJN, Ex. E).  The document does not demand
20 payment of a debt, and it is well-settled that the filing of a Notice of Trustee's Sale
21 is not the collection of debt. (*See* Motion, 11:14 – 12: 3; s*ee also Gamboa v. Trustee*
22 *Corps & Central Mortgage Loan Servicing Co.*, 2009 U.S. Dist. LEXIS 19613, at
23 *11 (N.D. Cal. March 12, 2009) ("[t]he law is clear that foreclosing on a property
24 pursuant to a deed of trust is not a debt collection within the meaning of the . . .
25 [FDCPA].  Therefore, as trustee under the Deed of Trust with the power to sell the
26 foreclosed property, Trustee Corps cannot have violated the . . . [FDCPA].")).
27 None of Plaintiff's purported legal authority is applicable.  First, all the
28 authority cited in support of the proposition that Defendant is a debt collector and

SM01DOCS\888018.1                              3
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION

that foreclosure constitutes the collection of debt is non-binding authority from other Circuits, applying the law of other jurisdictions. Second, all of the cases are clearly distinguishable from this case. In *Piper v. Portnoff Law Associates, Ltd.*, 396 F.3d 227, 234 (3d Cir. 2005) the court held that a *law firm* acted as a debt collector when it attempted to collect a *delinquent water service fee* by filing a lien against the plaintiffs' property. In *Romea v. Heiberger & Associates*, 163 F.3d 111 (2d Cir. 1998), the court held that *attorneys* attempting to collect *late rent* violated the FDCPA. In *Shapiro and Meinhold v. Zartman*, 823 P.2d 120, 125 (Colo. 1992) the court held that *attorneys* who acted as debt collectors within the meaning of Section 1692a(6) were subject to *state law requirements that foreclosures be commenced in a county where the property was located*. In *Jordan v. Kent Recovery Services, Inc.*, 731 F.Supp. 652, 658 (D. Del. 1990), the court held that a repossession agency could only be held liable under Section 1692f(6) of the FDCPA, and ultimately concluded the defendant was not a debt collector.

Here, Defendant is neither a law firm nor attempting to collect on any debt. Rather, Defendant is a trustee under a Deed of Trust which has began the foreclosure process of the Property consistent with California law and the provisions governing the Deed of Trust. The authority cited in Defendant's Motion clearly establishes that, as a matter of law, Defendant is not a debt collector and that foreclosure of a property is not the collection of debt.

Plaintiff heavily relies on the Fourth Circuit case of *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006) (which relies upon the four cases cited above) for the proposition that foreclosing on a property constitutes the collection of debt. However, this case provides Plaintiff with no support. There, the court found that the defendant—a law firm—engaged in the collection of debt "[b]y sending a letter seeking payment of an amount to 'reinstate the above account' and directing Wilson to pay the amount by cashiers check." *Id.* at 377. This case is distinguishable from the instant case because in *Wilson*, the defendant not only

SM01DOCS\888018.1          4
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION

began the foreclosure process, but sent the above-referenced letter demanding payment as well. *Id.* at 376-77. Thus, the conduct went beyond giving the statutorily required foreclosure notices.

Here, Plaintiff's Complaint alleges that the Notice of Trustee's Sale is the "collection of debt," which, for the reasons given above and in the Motion, it is not. Moreover, numerous California Courts have rejected the holding in *Wilson*, finding that it is not applicable in this jurisdiction. *See Gwin v. Pacific Coast Financial Services*, 2010 WL 1691567 at * 6 (S.D. Cal. April 23, 2010) (citing *Wilson* and stating that "filing a notice of default or filing a notice of trustee's sale does not amount to debt collection actionable under § 1692e"); *Odinma v. Aurora Loan Services*, 2010 WL 2232169 at * 12 (N.D. Cal. June 3, 2010) (stating "[a]lthough Plaintiffs point to a case from the Fourth Circuit [*Wilson*] holding that foreclosure can be debt collection . . . the weight of authority is to the contrary" and dismissing the FDCPA claim without leave to amend); *Goodwin v. California Reconveyance Co.*, 2010 WL 3341831 at *6 (E.D. Cal. Aug. 23, 2010) (relying on *Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or. 2002) for the proposition that foreclosure under a deed of trust does not constitute the collection of debt under the FDCPA, and finding that *Wilson* does not change this result). Because *Wilson* and the cases it relies upon are inapplicable, Plaintiff's Opposition provides no authority to rebut Defendant's contention that all FDCPA claims fail as a matter of law.

Finally, Plaintiff betrays her misunderstanding of the facts. She states: "Defendant is a law firm that was hired as a substitute trustee to enforce a Deed of Trust Note." (Opposition, 11: 20-21). "Adopting the defendant's logic that law firm acting as substitute trustees for mortgage holders are exempt from the provisions of the FDCPA is contrary to the stated purpose of the FDCPA." (Opposition, 11: 25-28). Here, Defendant is *not* a law firm. Defendant is the duly substituted trustee under the Deed of Trust.

Making Plaintiff's Complaint and Opposition still more incomprehensible,

1  Plaintiff claims that Defendant sent the foreclosure related letters to her "permanent
2  residence at 207 Lakeshore Dr., Waxachie, TX 75165" (Opposition, 8: 19-20) when
3  in her Complaint she states that her address is 12411 Nugent Ave., Granada Hills,
4  CA 91344. (Compl., ¶ 1). Thus, even if the cases Plaintiff cites did apply, which
5  they do not, she provides no credible factual allegations to support her claims.

## V. EVEN IF DEFENDANT IS A DEBT COLLECTOR AND ENGAGED IN THE COLLECTION OF DEBT, PLAINTIFF PROVIDES NO FACTS AS TO HOW ANY STATUTORY VIOLATION OCCURRED

Defendant argued in its Motion that Plaintiff's Complaint fails to plead any facts to establish a violation of the FDCPA. (Motion, 12: 6 – 14: 7). Plaintiff's Opposition does not provide any facts as to how Defendant supposedly violated the FDCPA either. Although Plaintiff alleges in her Opposition that on August 24, 2011, she sent Defendant a letter disputing the debt and requesting Defendant to validate the debt under 15 U.S.C. § 1692g(b) (Opposition, 8: 25-28), this is completely contrary to her allegation in the Complaint that she sent the debt validation letter on December 1, 2011. (Compl., ¶ 16). This undermines Plaintiff's argument that a violation of the FDCPA occurred.

Additionally, Plaintiff references numerous exhibits in her Opposition which are not part of the record in this case. (*See* Opposition, 5: 7;[1] 8: 28;[2] 11: 22[3]). Plaintiff fails to support her conclusory allegations with any factual support or exhibits in support of her claims. Consequently, even if Defendant was a debt

---

[1] A purported letter dated July 27, 2011, in which Defendant allegedly made a "presentment" to Plaintiff.

[2] A purported letter dated August 24, 2011, which Plaintiff allegedly sent to Defendant disputing the debt. To the extent Plaintiff is referring to the letter she attached to her Request for Temporary Restraining Order, the letter is dated October 21, 2011, and provides no information as to whether it was ever mailed to Defendant. (*See Request for Temporary Restraining Order*, Docket, Document No. 6, pp. 17-21).

[3] An alleged exhibit in support of Plaintiff's contention that Defendant is a law firm hired as a substitute trustee to enforce the Deed of Trust.

collector, which it is not, the first and second causes of action should be dismissed without leave to amend.

## VI. PLAINTIFF FAILS TO REBUT DEFENDANT'S ARGUMENTS AS TO HER "OVERSHADOWING" CLAIMS

Plaintiff's Complaint alleges that "Defendants [sic] 'Bill' meets the definition of overshadowing." (Compl., ¶ 55). The Motion demonstrates that Plaintiff failed to establish any liability for "overshadowing." (Motion, 14: 15 – 16:10). The Opposition does not rebut any of Defendant's contentions. As such, the Motion should be granted.

## VII. PLAINTIFF FAILS TO REBUT DEFENDANT'S ARGUMENTS AS TO THE PURPORTED THIRD CAUSE OF ACTION FOR "FRAUD/NEGLIGENCE"

Defendant demonstrated in its Motion why Plaintiff's Complaint is factually insufficient to plead a claim for negligence or fraud. (Motion, 16: 13 – 18: 28). All that Plaintiff states in her Opposition is: "[D]efendant's argument is frivolous as wherein defendant claimed that plaintiff failed to plead all the elements of fraud." (Opposition, 4: 22-24). Plaintiff fails to allege all of the elements for either a fraud or a negligence cause of action. Thus, the third cause of action should be dismissed without leave to amend as she cannot allege any facts to support her claim.

## VIII. PLAINTIFF'S OPPOSITION FAILS TO REBUT ANY OTHER ARGUMENTS MADE IN SUPPORT OF THE MOTION

Defendant's Motion demonstrates that Plaintiff cannot support her claims for intentional infliction of emotional distress, quiet title, punitive damages, or attorneys' fees. (Motion, 19: 1 – 21: 5). Plaintiff's Opposition fails to rebut any of these arguments. Therefore, the Motion should be granted.

## IX. CONCLUSION

For the reasons given in the Motion to Dismiss and this Reply, Defendant respectfully requests the Court to grant the Motion in its entirety with prejudice.

1  Plaintiff's purported claims fail to state a claim for relief, and given her lack of legal
2  authority and supporting facts, further amendment will not cure the defects.

Dated:  March 14, 2012

**BRYAN CAVE LLP**
John W. Amberg
Bradley J. Dugan

By: By: /s/ *Bradley Dugan*
Bradley Dugan
**Attorneys for Defendant**
Recontrust Company, N.A.
(erroneously sued as "Recontrust Company")

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 120 Broadway, Suite 300, Santa Monica, CA  90401-2305.  My e-mail address is michelle.hicks@bryancave.com

On March 14, 2012, I served the foregoing document(s), described as **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12 MOTION TO DISMISS**, on each interested party in this action, as follows:

Mary L Beckner
12411 Nugent Drive
Granada Hills, CA 91344

☒ (BY MAIL)  I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above.  I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California.  I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on March 14, 2012, at Santa Monica, California.

☒ (FEDERAL ONLY)  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

    */s/Michelle Hicks*
    Michelle Hicks

SM01DOCS\888018.1

1

PROOF OF SERVICE