FILED

Mary L. Beckner, sua sponte
12411 Nugent Drive
Granada Hills, California 91344
(818)360-8305
guisoft@rocketmail.com

Plaintiff, Pro Se

2012 APR -3 PM 3: 13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mary L. Beckner,<br><br>individually<br><br>           Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY,<br><br>           Defendant. | Case No. CV12-704-JFW (PLAx)<br><br>Assigned to Hon. John F. Walter<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL ORDER**<br><br>Date: 4/30/2012<br>Time: 1:30 PM Rm. 16<br>Complaint Filed: January 26, 2012<br>Motion Filed: April 3, 2012<br>Trial Date: None Set |

HEARING DATE: 4/30/2012 1:30 PM Rm 16

COMES NOW Mary Louise Beckner, hereinafter referred to as "Plaintiff," and moves the court for relief as follows

The court should grant Plaintiff's motion for reconsideration for the following reasons:

1. The judgment contains a clear error of law, and reconsideration is necessary to prevent manifest injustice. *Russell v. Delco Remy*, 51 F.3d 746, 749 (7th Cir. 1995); *Collision v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994).

2. Defendant raises the well known cases *Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal*. It is seemingly the position of the Defendant that a plaintiff must fully adjudicate his case in the original pleadings.

3. In regards to a Pro Se Plaintiff, it is maintained by the Plaintiff that *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* standards <u>do not apply</u>. The heightened pleading standards only apply to learned counsel.

4. Ashcroft & Twombly overruled *Conley v. Gibson*. The issues within *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* address the heightened pleading standards of learned counsel.

5. *In* Kerns v. United States, the case addresses pro se litigants specifically. Kerns also addresses *Conley v Gibson, and Kerns v. United States* has not been overturned.

6. It is also maintained by Plaintiff that absolute proof is not needed at the initial stages of this case, and only requires prima facia evidence.

## I. THE DISTRICT COURT ERRED IN DISMISSING PLAINTIFFS CLAIMS AGAINST DEFENDANTS WHO HAD NOT APPEARED

7. Before imposing the harsh sanction of dismissal, the district court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henry, 983 F.2d at 948. For dismissal to be proper, the conduct to be sanctioned must be due to "'willfulness, fault, or bad faith.'" Id. at 946 (quoting Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985)). Due process concerns further require that there exist a relationship between the sanction, the violation and its relationship to the litigation (Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc., 682 F.2d 802, 806 (9th Cir. 1982) (holding default entry violated due process where the sanctioned party's deception was wholly unrelated to the merits of the controversy).

## II. THE DISTRICT COURT ERRED IN DENYING DISMISSING WITHOUT EXPLAINATION

8. <u>Owens, 244 F.3d at 712.</u> Dismissal without leave to amend is improper unless the complaint could not be saved by any amendment. *Polich*, 942 F.2d at 1472. In determining whether

leave to amend is appropriate, the court considers whether there is bad faith, undue delay, prejudice to the opposing party, or futility. <u>Owens</u>, 244 F.3d at 712. Amendment is particularly appropriate to allow plaintiffs a chance to supplement their complaint with factual content in light of the recent changes in pleading requirements enunciated by the United States Supreme Court. <u>Moss, 572 F.2d at 972.</u> A court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. <u>Cook, Perkiss & Liehe v. N. Cal. Collection Service,</u> 911 F.2d 242, 47 (9th Cir. 1990). In exercising its discretion on whether to allow leave to amend, "a court must be guided by the underlying purpose of Rule 15 - to facilitate decision on the merits rather than on the pleadings or technicalities". <u>Leighton,</u> 833 F.2d at 186, quoting <u>U.S. v. Webb,</u> 655 F.2d 977, 79 (9th Cir. 1981).

9. Here, there has been no bad faith or undue delay. The case is in its early stages, and there have been no prior amendments to the Complaint. Plaintiffs did not act in bad faith in drafting a pleading for state court that was removed to Federal court and ultimately subjected to different pleading requirements. There is also no undue prejudice to the Defendants because the case is in its infancy, and they would be permitted an opportunity to move to dismiss any amended pleading as well. This leaves futility as the only remaining basis for the court's denial of leave to amend.

10. Plaintiffs' claims are not futile. The District Court's dismissal of all of Plaintiff's causes of action without explanation or further opportunity to amend is contrary to the liberal standards for leave to amend. Plaintiffs had not yet had the benefit of the court's determination as to what, if any deficiencies may have existed in their pleading. Plaintiffs' claims were not time barred and did not suffer from fatal defects which could not be cured through pleading additional facts to each element or which would qualify Plaintiffs for an exception to any of Defendants' legal theories. Instead of allowing Plaintiffs the opportunity to amplify their claims through amendment, the District Court contravened the stated policy of this Court that amendment be liberally granted and dismissed the case without cause.

### III. Plaintiff's Claims Were Sufficiently Plead as Follows

*"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged." (Gonzales v. Kay, 577 F.3d 600(5th Cir. 2009)*

### A. VALIDATION OF DEBT REQUIRED

11.  Defendant made a presentment to Plaintiff.

> § 3-501. PRESENTMENT.
>
> (a) "**Presentment**" means a demand made by or on behalf of a <u>person entitled to enforce</u> an <u>instrument</u> (i) to pay the instrument made to the <u>drawee</u> or a <u>party</u> obliged to pay the instrument or, in the case of a <u>note</u> or accepted <u>draft</u> payable at a bank, to the bank, or (ii) to accept a draft made to the drawee.

12.  In order for Defendant to make the above demand, Defendant must have some authority by way of a contractual agreement between Plaintiff and Defendant and upon request, must prove up said claim.

> § 3-501. PRESENTMENT
>
> (b)(2) Upon demand of the person to whom <u>presentment</u> is made, the person making presentment must (i) exhibit the <u>instrument</u>, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

13.  Up to the date of the filing of this instant action Defendant is non-responsive to Plaintiff's request for validation of the debt. Defendant's failure to properly validate the debt allegedly owed to Defendant gives Plaintiff reason to believe that Defendant lacks the agency, standing, and/or capacity claimed.

> In deciding whether the collection letters violate the FDCPA, we examine them from the standpoint of an unsophisticated consumer.  See Veach v. Sheeks, 316 F.3d 690, 692 (7th Cir.2003); Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir.1997).  "This assumes that the debtor is uninformed, naive, or trusting[.]"  Veach, 316 F.3d at 693 (internal quotations omitted).  However, an unsophisticated consumer possesses "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences."  Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1060 (7th Cir.2000). see <u>Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber,</u> USCA-02-C-0072, 7th Circuit Court, Sept 2004

14.  In as much as Defendant's dunning letter failed to provide validation of the alleged debt, Plaintiff may not, in good faith, respond with payment. In the event an actual debt existed to which Plaintiff was liable, Plaintiff would be subject to dishonor if Plaintiff made tender to Defendant without exercising due diligence in determining that Defendant was an agent for the principal holding the alleged note and the payments were not properly assessed against the note.

> § 3-602. PAYMENT.

(a) Subject to subsection (b), an *instrument* is paid to the extent payment is made (i) by or on behalf of a *party* obliged to pay the instrument, and (ii) **to a *person entitled to enforce* the instrument**. To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under Section 3-306 by another person.

(b) The obligation of a *party* to pay the *instrument* is not discharged under subsection (a) if:

(1) a claim to the *instrument* under Section 3-306 is enforceable against the *party* receiving payment and (i) payment is made with knowledge by the payor that payment is prohibited by injunction or similar process of a court of competent jurisdiction, or (ii) in the case of an instrument other than a *cashier's check*, *teller's check*, or *certified check*, the party making payment accepted, from the person having a claim to the instrument, indemnity against loss resulting from refusal to pay the *person entitled to enforce* the instrument; or

(2) the person making payment knows that the *instrument* is a stolen instrument and pays a person it knows is in wrongful possession of the instrument.

15. Plaintiff, on investigation and belief, alleges that Defendant has perpetrated, and continues to perpetrate an act of negligence against Plaintiff by attempting to collect a debt when Defendant has failed to provide the statutorily required validation of said debt. Even if a debt did exist, Plaintiff would not execute payment if Plaintiff tendered payment to a person or entity not properly authorized to take payment.

§ 3-603. TENDER OF PAYMENT.

(a) If tender of payment of an obligation to pay an *instrument* is made to a *person entitled to enforce* the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

(b) If tender of payment of an obligation to pay an *instrument* is made to a *person entitled to enforce* the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an *indorser* or accommodation *party* having a right of recourse with respect to the obligation to which the tender relates.

(c) If tender of payment of an amount due on an *instrument* is made to a *person entitled to enforce* the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If *presentment* is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument. (Emphasis added)

§ 3-603. TENDER OF PAYMENT.

(a) If tender of payment of an obligation to pay an *instrument* is made to a *person entitled to enforce* the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

(b) If tender of payment of an obligation to pay an *instrument* is made to a *person entitled to enforce* the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an *indorser* or accommodation *party* having a right of recourse with respect to the obligation to which the tender relates.

(c) *If tender of payment of an amount due on an <u>instrument</u> is made to a <u>person entitled to</u> <u>enforce</u> the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If <u>presentment</u> is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument. (Emphasis added)*

### B. FDCPA

16. Determining that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," Congress passed the Fair Debt Collection Practices Act (FDCPA) to eliminate those practices. 15 U.S.C. § 1692(a). The FDCPA protects consumers who have been subjected to abusive, deceptive or unfair debt collection practices by a debt collector in an attempt to collect a debt. *See Piper v. Portnoff*, 396 F.3d 227, 232 (3d Cir. 2005) (citing 15 U.S.C. §§ 1692e-f).

17. Defendant, in the instant case, is not a party Plaintiff knowingly entered into a contract with. Defendant claims to hold agency or standing as a trustee or assignee of a debt. The allegation of Defendant is that Defendant is collecting a debt concerning a consumer mortgage agreement.

18. An assignee or substitute trustee, it is a debt collector within the meaning of §§ 1692d, 1692e or 1692g4 of the FDCPA fails as a matter of law. More specifically, the argument that pursuant to the terms of § 1692a(6), assignees or substitute trustees are only liable under § 1692f(6) fails as a matter of law. Section 1692a(6) states, in relevant part, that for the purpose of section 1692f(6) of this title, the term "debt collector" also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. Based on this language, any argument that assignees or substitute trustees are exempt from liability under all provisions of the FDCPA except § 1692f(6) fail as a matter of law.

19. Plaintiff alleges that a mortgage is a "debt" as defined by 15 U.S.C. § 1692a(5) because it constitutes an obligation to pay money that arose out a transaction in which the property was primarily for personal, family or household purposes. Plaintiff also asserts that, even if Defendant is unquestionably an assignee or substitute trustee, that fact does not preclude it from being held liable as a debt collector. Piper, 396 F.3d at 232 (applying the FDCPA to debts secured by real property); Romea v. Heiberger & Assocs., 163 F.3d 111, 116 (2d Cir. 1998) (concluding that an eviction notice for failure to pay rent can be an attempt to collect a debt); Shapiro & Meinhold v. Zartman, 823 P.2d

120, 124 (Colo. 1992) (holding that "a foreclosure is a method of collecting a debt" and, thus, the defendant attorneys "are not exempt merely because their collection activities are primarily limited to foreclosures") with Jordan v. Kent Recovery Servs., Inc., 731 F. Supp. 652, 658 (D. Del. 1990) (distinguishing a debt collector from an enforcer of a security interest, who has a "present right to a piece of secured property and attempts to retrieve something which another person possesses but which the holder of the security interest still owns").

20. Plaintiff directs the court to consider the Fourth Circuit case of *Wilson v. Draper & Goldberg, PLLC,* 443 F.3d 373 (4th Cir. 2006). The plaintiff in *Wilson* brought suit against the law firm that acted as the substitute trustee for the holder of the deed of trust on the plaintiff's property. The defendant initiated foreclosure proceedings on the plaintiff's property and sent her a notice that provided information regarding the creditor and the amount of the debt owed. Id. The *Wilson* defendants included in their notice a statement specifying that they were not "'debt collectors' or acting in connection with the collection of a 'debt.'" Id. Nevertheless, the court held that the default on a Deed of Trust Note is a debt, and that concluding otherwise "would create an enormous loophole in the [FDCPA] immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect that debt." *Id.* at 376 (citing Piper, 396 F.2d at 234; *Romea,* 163 F.3d at 116; *Shapiro,* 823 P.2d at 124). The *Wilson* court went on to explain that

> *Section 1692a(6) applies to those whose only role in the debt collection process is the enforcement of a security interest. See Jordan[, 731 F. Supp. at 657] ("It thus appears that Congress intended an enforcer of a security interest, such as a repossession agency, to fall outside the ambit of the FDCPA except for the provisions of § 1692f(6)."). In other words, this provision is not an exception to the definition of debt collector, it is an inclusion to the term debt collector. It serves to include as debt collectors, for the purposes of § 1692f(6), those who only enforce security interests. It does not exclude those who enforce security interests but who also fall under the general definition of "debt collector." See Piper, 396 F.3d at 236 ("Section 1692a(6) thus recognizes that there are people who engage in the business of repossessing property, whose business does not primarily involve communicating with debtors in an effort to secure payment of debts."). 443 F.3d at 378 (emphasis in original).*

21. Even if Defendant herein alleges to be acting as an assignee or substitute trustee to enforce a Deed of Trust Note, nevertheless, in initiating collection proceedings, Defendant undertook the role of debt collector and communicated with the Plaintiff in a manner regulated by the FDCPA. *See Wilson,* 443 F.3d at 376-78. Adopting a position that entities acting as assignees or substitute

trustees for mortgage holders are exempt from the provisions of the FDCPA is contrary to the stated purpose of the FDCPA. *See* 15 U.S.C. § 1692(a) (explaining that the FDCPA is designed to protect consumers from unfair collection practices). Accordingly, Plaintiff has alleged sufficient facts to support the claim that, for the purposes of the actions described in the complaint, the Defendant is attempting to collect a "debt" and Defendant was acting as a "debt collector."

### C. NO ISSUE OF ACTUAL DEBT BEFORE THE COURT

22.     Plaintiff has sued Defendant to demand that Defendant comply with long standing law and well established principals of commerce. In as much as Defendant demanded that Plaintiff tender United States money to Defendant in payment of a debt, Plaintiff properly demanded validation of the debt. Where Defendant has claimed agency for a principal, Plaintiff demands that Defendant prove that Defendant's alleged principal has standing as a proper holder of the alleged obligation. Plaintiff further demands proof of Defendant's agency to represent said principal.

### D. AGENCY

23.     Key to the whole issue here is that agency cannot be presumed, and the party asserting agency carries the burden to prove it. *See Schultz v. Rural/Metro Corp.*, 956 S.W.2d 757, 760 (TX App. – Houston [14th Dist.] 1997, no writ); *Zuniga v. Navarro & Assocs., P.C.*, 153 S.W.3d 663 (TX App. – Corpus Christi 2005, pet. denied) (citing *Bernsen v. Live Oak Ins. Agency*, 52 S.W.3d 306, 309 (TX App. – Corpus Christi 2001, no pet.)); *Alamo Cmty. Coll. Dist. v. Browning Constr. Co.*, 113 S.W.3d 146 (TX App. – San Antonio 2004, pet. dism'd) (citing *S. County Mut. Ins. Co. v. First Bank & Trust*, 750 S.W.2d 170, 172 (TX 1988)); *Disney Enters., Inc. v. Esprit Fin., Inc.*, 981 S.W.2d 25, 30 (TX App. – San Antonio 1998, pet dism'd w.o.j.); *Gray v. Black*, 267 S.W. 291 (TX Civ. App. 1924) (agency is not presumed; wife cannot be presumed to be husband's agent). "[O]nly an alleged principal's words or conduct that are represented to the third party can clothe an alleged agent with apparent authority. [*BML Stage Lighting, Inc., v. Mayflower Transit, Inc.*, 14 S.W.3d 395, 401 (TX App. – Houston [14th Dist.] 2000, pet. denied)]." *Coleman v. Klockner & Co. AG*, 180 S.W.3d 577, 588 (TX App. – Houston [14th Dist.] 2005, n.w.h.) (*Coleman*). In short, the alleged agent's word, alone, never proves agency.

24. Therefore, where agency has been challenged, as it is, here, and where it's presumed into existence over that objection, the burden of proof has been shifted. Beard v. Banks, 542 U.S. 406 (2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)); Scott v. Harris, __ U.S. __, 127 S. Ct. 1769 (2007) (citing United States v. Diebold, 369 U.S. 654, 655 (1962)) (summary judgment presumptions are against movant). Mullaney v. Wilbur, 421 U.S. 684 (1975) (citing In re Winship, 397 U.S. 358 (1970)) (to relieve the plaintiff of burden is to violate Due Process); Heiner v. Donnan, 285 U.S. 312 (1932) (fraud and/or negligence context).

### E. CHALLENGE IS TO BOTH ACTUAL AND APPARENT AUTHORITY

25. Where there is no evidence, that a principal authorized someone to act as its agent, agency cannot be proven by declarations of the alleged agent." T & R Custom, Inc. v. Liberty Mut. Ins. Co., 227 Ga. App. 144, 145 (1) (488 S.E.2d 705) (1997). Accord Oglesby v. Farmers Mut. Exchange, 128 Ga. App. 387, 389 (6) (196 S.E.2d 674) (1973); Greble v. Morgan, 69 Ga. App. 641 (1) (26 S.E.2d 494) (1943). (1) Because there is no evidence in the record of Hilliard's agency, other than the hearsay itself, the evidence was properly excluded. See, e.g., Process Posters, Inc. v. Winn Dixie Stores, 263 Ga. App. 246, 250-251 (1) (587 S.E.2d 211) (2003).

26. It is fundamental that agency cannot be proven by the [*239] declaration of the agent. LAVELLEUR v. NUGENT, 186 Iowa 234 (Iowa 1919)

27. Arizona law provides that agency cannot be proven by the acts or declarations of the purported agent. Cameron v. Lanier, 56 Ariz. 400, 108 P.2d 579, 580 (Ariz. 1940). Instead, Relator "must prove affirmatively the authority" of Mr. Anderson to accept service on behalf of Dr. Levit, by either showing direct authority or implied authority. Id.United States ex rel. Goulooze v. Levit, 2006 U.S. Dist. LEXIS 77913 (D. Ariz. 2006)

28. Looking first to the concept of apparent authority, it is axiomatic that such authority exists only where there is a manifestation by the principal to a third party which causes the third party reasonably to believe that the particular person with whom the third party is dealing has the authority to enter into negotiations or to make representations on behalf of the principal. The State Life Insurance Co. v. Thiel (1939), 107 Ind. App. 75, 20 N.E.2d 693; Kody Engineering Company, Inc. et al. v. Fox and Fox Insurance Agency, Inc. (1973), 158 Ind. App. 498, 303 N.E.2d 307, 39 Ind. Dec.

537. Such a manifestation by the principal may be found when the principal holds out an agent as a general [***5] agent and the third party reasonably believes that the authority exhibited is the type usually held by one in such a position; n2 or, where the [**843] principal clothes or allows a special agent to act with the appearance of possessing more authority than is actually conferred. See: Farm Bureau Mutual Life Insurance Company v. Coffin (1962), 136 Ind. App. 12, 186 N.E.2d 180. Thus, to prove [*139] the existence of apparent authority, it is necessary to establish some conduct on the part of the principal which created the appearance of authority. The representations of the agent will not suffice, for it is the "well established rule that agency cannot be proven by the declarations of the agent, alone." Pan American World Airways, Inc. v. Local Readers Service, Inc. (1968), 143 Ind. App. 370, 377, 240 N.E.2d 552, 556, 15 Ind. Dec. 429, 435. <u>Storm v. Marsischke, 159 Ind. App. 136 (Ind. Ct. App. 1973).</u>

29.     It is elementary law that agency cannot be proven by the acts or declarations of the alleged agent. Newman v. Taylor, 69 Miss. 670, 13 So. 831; R. R. Co. v. Cocke, 64 Miss. 713, 2 So. 495; Kinnare v. Gregory, 55 Miss. 612; Gilchrist v. Pearson, 70 Miss. 351, 12 So. 333. "An agent's authority cannot be proved by his acts done without the knowledge or authority of his principal." Whiting v. Lake, 91 Pa. 349.  Therrell v. Ellis, 83 Miss. 494 (Miss. 1903)

30.     In view of a new trial, it is proper to say that the letter, "Exhibit E," on page 8 of the abstract, [***5] is [*695] not competent evidence in the case for any purpose. It tends to show the claimed agency by the declaration of the agent, and we need not cite authority in support of the proposition that agency cannot be established by the admissions or declarations of the person claimed to be an agent. Sax v. Davis, 81 Iowa 692 (Iowa 1891)

**PRAYER**

Plaintiff moves the court for an order rescinding it dismissal of Plaintiff's action with prejudice.

**Respectfully submitted,**

_/s/ Mary L. Beckner_  4-3-2012
Mary L. Beckner           Date

# CERTIFICATE OF SERVICE

I hereby, Mary L. Beckner certify that a true and correct copy of above and foregoing has been delivered to ReconTrust, 1800 Tapo Canyon Road, Simi Valley, CA 93063, on this the _3_ day of _April_ 2012, by certified mail

(Certified Mail Receipt # 7007 2560 0001 8576 9726)

in accordance with the rules governing same.

_Mary L Beckner_
Mary L. Beckner
12411 Nugent Ave.
Granada Hills, CA 91344

PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL ORDER - 11